IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INTEGRATED CLAIMS SYSTEMS, LLC, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MOLINA HEALTHCARE OF TEXAS, INC., § <br> Defendant. § <br> § <br> § | CASE NO.: 2:14-CV-866 <br><br> DEMAND FOR JURY TRIAL |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST MOLINA HEALTHCARE OF TEXAS, INC.**

Plaintiff Integrated Claims Systems, LLC ("ICS"), for its complaint for patent infringement against Molina Healthcare of Texas, Inc. ("Molina") alleges as follows:

**THE PARTIES**

1. Plaintiff ICS is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 118 Weaver Road, Elizaville, New York.

2. Upon information and belief, Defendant Molina is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 5605 North Macarthur Boulevard, Suite 400, Irving, Texas  75038.

**JURISDICTION AND VENUE**

3. This action arises under the United States Patent Laws, 35 U.S.C. §§ 1, *et seq*. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.       The Court has personal jurisdiction over Molina because it has committed acts of patent infringement within this Judicial District in violation of 35 U.S.C. § 271, maintains offices in Texas, transacts business within this Judicial District, has purposely availed itself of the privileges and benefits of the laws of the State of Texas, solicits customers in the State of Texas, and has paying customers who are residents of the State of Texas and this Judicial District who each use Molina's products and services in the State of Texas.  Upon information and belief, Molina derives revenue from the infringing products and services used within this Judicial District, and should reasonably expect its actions to have consequences within this Judicial District.

5.       Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## THE PATENTS-IN-SUIT AND BACKGROUND

6.       ICS is the owner of all right, title, and interest in U.S. Patent No. 7,178,020 (the "'020 patent") entitled "Attachment Integrated Claims System and Operating Method Therefor." The '020 patent was duly and properly issued by the United States Patent and Trademark Office on February 13, 2007 and assigned to ICS prior to issuance.  A true and correct copy of the '020 patent is attached hereto as Exhibit A.

7.       ICS is the owner of all right, title, and interest in U.S. Patent No. 8,676,609 (the "'609 patent") entitled "Attachment Integrated Claims Systems and Operating Methods Therefor."  The '609 patent was duly and properly issued by the United States Patent and Trademark Office on March 18, 2014 and assigned to ICS prior to issuance.  A true and correct copy of the '609 patent is attached hereto as Exhibit B.  The '020 and '609 patents are collectively referred to herein as the "DiRienzo patents."

8.      The named inventor of the DiRienzo patents, Andrew DiRienzo, Ph.D., has a Bachelor of Science degree in astronomy from the University of Arizona, and a doctorate in Physics from the University of Arizona. He has authored several technical articles, including *Superconductivity and Quantum Mechanics*, Coherence in Spectroscopy and Modern Physics, NATO ASI Series B: Physics, Vol. 37 (1978) and *Charge-Excess Superconductors and the Pseudo-Angular-Momentum Approach to Josephson Tunneling*, Physics Review B, pp. 6648-95 (1982).

9.      While serving as a Senior Staff Scientist with the United States Navy, Dr. DiRienzo's primary research area was Synthetic-Aperture Radar ("SAR"), a form of tomography.  SAR can create the image of a ship at great distances.  This is accomplished by having a plane follow the arc of a circle centered on the ship. As it follows the arc, the plane emits radar pulses.  These pulses bounce off the ship and are detected by the plane's radar as reflected pulses. Computer software converts these reflected pulses into images of the ships. Through his work for the Navy, Dr. DiRienzo developed a level of expertise in tomography.

10.     Tomography is utilized widely in the healthcare field.  For example, Magnetic Resonance Images ("MRIs"), Positron Emission Tomography ("PET") images, and Computer Assisted Tomography ("CAT") scans are all examples of tomography.  These images are often filed in connection with insurance claim forms such as healthcare, dental and workers' compensation claims. Other documents frequently submitted with claim forms include x-rays, strip charts, lab reports and narratives, and explanation of benefits, among others.

11.     In 1994, a surgeon who was aware of Dr. DiRienzo's radar work asked if it would be possible to electronically send an MRI from upstate New York to a New York City hospital. Based on his experience, Dr. DiRienzo believed that this could be done and he began conducting

research.  Dr. DiRienzo was further spurred to action when his mother required dental surgery in 1995.  The dentist complained that for many procedures, he was required to obtain prior approval from insurance companies.  That involved mailing hard copies of the approval form and x-rays that supported the medical need for the procedure to the insurance companies and then waiting for their reply before performing the procedures.

12. Dr. DiRienzo immediately recognized how inefficient this process was.  For almost 20 years now, Dr. DiRienzo has researched and developed systems and methods for processing insurance claims and the forms that typically accompany them.  Dr. DiRienzo's efforts have been rewarded with twelve United States Patents in this field.  He is also the named inventor of four other United States Patents and has a number of pending patent applications.

13. Molina has actual knowledge of its infringement of the '020 patent.  On January 7, 2013, counsel for ICS sent a licensing proposal that included the '020 patent to Molina's President, Mr. Craig L. Bass via Federal Express.  Molina did not respond to the January 7, 2013 letter.  On February 7, 2013, ICS's counsel left a voicemail for Mr. Bass in order to follow up on the January 7, 2013 letter.  On February 11, 2013, Ms. Dawn Exford of Molina returned ICS counsel's voicemail to Mr. Bass.  On February 19, 2013, per Ms. Exford's request, ICS resent via e-mail its licensing proposal.  Ms. Exford confirmed via e-mail on February 19, 2013 that the proposal had been received, but other than that confirmatory email, Molina did not respond to ICS's February 19, 2013 correspondence.  On April 3, 2013, ICS sent a follow up letter to Mr. Bass.  As of the filing date of this action, Molina has not responded.

14. Upon information and belief, Molina makes, uses, offers for sale or sells within the United States a system and method allowing the electronic submission and processing of insurance claims and corresponding electronic attachments, and the auto adjudication of

insurance claims (the "Insurance Claim System").  Exemplary attachments may include, for example, x-rays, strip charts, lab reports and narratives, and explanation of benefits, among others.

**FIRST CAUSE OF ACTION**
**(INFRINGEMENT OF THE '020 PATENT)**

15.     ICS restates and realleges the allegations set forth in paragraphs 1 through 14 above and incorporates them by reference.

16.     Upon information and belief, Molina, through its Insurance Claim System, has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 27 of the '020 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale or selling the Insurance Claim System within the United States.

17.     Upon information and belief, Molina, through its Insurance Claim System, has infringed and continues to infringe at least claim 27 of the '020 patent in violation of 35 U.S.C. § 271(b) by inducing vendors, insurance providers, customers and others to make, use, sell, or offer for sale within the United States, products or processes that practice inventions of the '020 patent, including the Insurance Claim System, with knowledge of and intent that such vendors, insurance providers, customers and others infringe the '020 patent.  Molina has intentionally caused, urged, encouraged, or aided in the action that induced direct infringement of the '020 patent by vendors, insurance providers, customers and others.  Upon information and belief, such intentional action includes, for example, contracting with vendors or others to make or use certain systems and processes of the Insurance Claim System; causing, urging, encouraging, or aiding certain actions by vendors or others to make or use the Insurance Claim System; and causing, urging, encouraging or aiding insurance providers, customers or others to make or use the Insurance Claim System.  As a result of its conduct, Molina has induced and is contributing

to infringement and inducing such vendors, insurance providers, customers and others to make or use systems and methods, such as the Insurance Claim System, to infringe at least claim 27 of the '020 Patent. Additionally and in the alternative, Molina has induced and is inducing vendors, insurance providers, customers and others to implement and utilize parts of or all of the systems and methods of the Insurance Claim System to infringe at least claim 27 of the '020 patent. Molina has engaged and is engaging in this conduct while aware of the '020 patent and with the intent to infringe.

18. Upon information and belief, the infringement of one or more claims of the '020 patent by Molina has been and continues to be willful and deliberate. As a result, ICS is entitled to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

19. ICS has been damaged by Molina's infringement of the '020 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Molina from further infringement.

**SECOND CAUSE OF ACTION**
**(INFRINGEMENT OF THE '609 PATENT)**

20. ICS restates and realleges the allegations set forth in paragraphs 1 through 14 above and incorporates them by reference.

21. Upon information and belief, Molina, through its Insurance Claim System, has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claim 81 of the '609 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale or selling the Insurance Claim System within the United States.

22. Upon information and belief, Molina through its Insurance Claim System, has infringed and continues to infringe at least claim 81 of the '609 patent in violation of 35 U.S.C. §

271(b) by inducing vendors, insurance providers, customers and others to make, use, sell, or offer for sale within the United States, products or processes that practice inventions of the '609 patent, including the Insurance Claim System, with knowledge of and intent that such vendors, insurance providers, customers and others infringe the '609 patent.  Molina has intentionally caused, urged, encouraged, or aided in the action that induced direct infringement of the '609 patent by vendors, insurance providers, customers and others. Upon information and belief, such intentional action includes, for example, contracting with vendors or others to make or use certain systems and processes of the Insurance Claim System; causing, urging, encouraging, or aiding certain actions by vendors or others to make or use the Insurance Claim System; and causing, urging, encouraging or aiding insurance providers or others to make or use the Insurance Claim System.  As a result of its conduct, Molina has induced and is contributing to infringement and inducing such vendors, insurance providers, customers and others to make or use systems and methods, such as the Insurance Claim System, to infringe at least claim 81 of the '609 patent.  Additionally and in the alternative, Molina has induced and is inducing vendors, insurance providers, customers and others to implement and utilize parts of or all of the systems and methods of the Insurance Claim System to infringe at least claim 81 of the '609 patent. Molina has engaged and is engaging in this conduct while aware of the '609 patent and with the intent to infringe, at least as of the filing of the Complaint.

23. ICS has been damaged by Molina's infringement of the '609 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Molina from further infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, ICS prays for judgment:

A. that Molina has infringed and is infringing the '020 and '609 patents;

B. enjoining Molina, its officers, agents, servants, employees, attorneys, successors and assigns and all other persons in active concert or participation with any of them from infringing, contributing to infringement and/or inducing infringement of the '020 and '609 patents;

C. awarding ICS compensatory damages for Molina's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

D. trebling the amount of compensatory damages for patent infringement pursuant to 35 U.S.C. § 284;

E. awarding ICS reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F. granting ICS such other and further relief in law or in equity as this Court deems just or proper.

## DEMAND FOR JURY TRIAL

ICS demands a trial by jury on all issues so triable.

DATED: August 25, 2014.                    Respectfully submitted,

*/s/ Charles Ainsworth*
Charles Ainsworth
State Bar No. 00783521
Email: charley@pbatyler.com
**Parker, Bunt & Ainsworth, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Phone: (903) 531-3535
Fax: (903) 533-9687

John F. Ward *(admitted E. D. Tex.)*
Email: jward@wardzinna.com
David G. Lindenbaum *(admitted E. D. Tex.)*
Email: dlindenbaum@wardzinna.com
Patrick R. Colsher *(admitted E. D. Tex.)*
Email: pcolsher@wardzinna.com
**WARD & ZINNA, LLC**
382 Springfield Avenue
Summit, New Jersey
Phone: (908) 277-3333
Fax: (908) 277-6373

*Attorneys for Plaintiff*
*Integrated Claims Systems, LLC*